IN the MATTER OF JUDICIAL DISCIPLINARY
PROCEEDINGS AGAINST the Honorable
Dennis D. COSTELLO, Reserve Judge.

Supreme Court

*No. 86–2314–J. Submitted on briefs January 6, 1988.—Decided
February 29, 1988.*

(Also reported in 419 N.W.2d 706.)

For the Honorable Dennis D. Costello, there was a
brief by *Paul J. Gossens,* Milwaukee.

For the Judicial Commission of Wisconsin, there
were briefs by *James E. Doyle, Jr.,* Madison.

PER CURIAM. *Judicial disciplinary proceeding; complaint dismissed.*

We review, pursuant to sec. 757.91, Stats., the findings of fact, conclusions of law and recommendation of the judicial conduct panel in this proceeding commenced by the Judicial Commission's filing of a complaint alleging that Judge Dennis Costello lent the influence of his name and the prestige of his office to aid or advance the welfare of a private interest, in violation of a rule of the Code of Judicial Ethics. Although the panel concluded that Judge Costello used the influence of his name and the prestige of his office to advance the welfare of a private interest, it also concluded that the prohibition of the rule, SCR 60.11,[1] applied only to a judge's aiding or advancing the welfare of a private business and, as the interest Judge Costello was advancing was that of an individual, the rule did not apply to his conduct. Accordingly, the panel recommended that the disciplinary proceeding be dismissed.

The panel's conclusion in respect to the applicability of SCR 60.11 is correct. Judge Costello's conduct did not come within the proscription of that or any other rule of the Code of Judicial Ethics so as to subject the judge to discipline. Consequently, we dismiss the disciplinary complaint.

Judge Costello served first as county judge then as circuit judge for Racine county from 1977 until he retired from office in 1985. Since then he has served and remains eligible to serve as reserve judge in the

---

[1]SCR 60.11 provides as follows: **Influence.** A judge shall not, directly or indirectly, lend the influence of his or her name or the prestige of his or her office to aid or advance the welfare of any private business or permit others to do so. A judge shall not personally solicit funds for any purpose, charitable or otherwise.

state's circuit courts. The judicial conduct panel appointed to hear this matter consisted of Court of Appeals Judges Thomas Cane, Daniel LaRocque and Reserve Judge John Decker.

Following a hearing, the panel made the following findings of fact. In 1984 Judge Costello's cousin, Donald Costello, rented a room to Robert Stegman and acted as the protective payee of Mr. Stegman's disability payments, receiving them on his behalf and paying them over to him. At some point, Donald Costello had paid Mr. Stegman more money than he had received. To secure repayment of the excess, Mr. Stegman transferred title to his automobile to Donald Costello, who then took physical possession of the car.

On October 9, 1984, Mr. Stegman brought a small claims action against Donald Costello seeking damages of $500 for his taking possession of the car and personal property in it. Five days later Mr. Stegman was apprehended removing items of personal property from the automobile, including a citizen band radio, a set of fog lamps, a set of radio speakers and a battery. Mr. Stegman contended that the personal property was his and that he had transferred title only to the car, not to its contents. In that action Donald Costello counterclaimed for the $500 owing from the overpayments he had made to Mr. Stegman.

Mr. Stegman failed to appear at trial and default judgment was entered against him on the counterclaim. A criminal action was subsequently filed against Mr. Stegman, charging him with misdemeanor theft of the radio. Judge Costello did not preside in either the small claims or the criminal action.

In the criminal case, Mr. Stegman was convicted by a jury on February 5, 1985. Before he was sentenced, his attorney discovered in the district attor-

ney's file a copy of the notice of entry of judgment in the small claims action on which copy the following had been handwritten:

"Re: State vs. Stegman Case Theft by Fraud

Do Not accept a Plea Agreement or recommend a sentence without complete restitution within 6 mos,
 Per. Judge Costello

This judgment in civil court resulted from the theft from the automobile involved."

The parties in this disciplinary proceeding conceded that these handwritten notes did not affect the outcome of the criminal proceeding.

At the hearing before the judicial conduct panel, Judge Costello testified that he could not recall having written those words on the copy of the notice of entry of judgment but that if he had, he would not have sent it to the prosecuting attorney but might have sent it to the Victim Assistance Program for the purpose of helping that office assist his cousin in obtaining restitution from Mr. Stegman as a result of the $500 judgment. On the basis of all the evidence, the panel found that Judge Costello wrote the notes on the copy. Finding no relevant distinction between the Victim Assistance Program and the district attorney's office, as the latter directly controlled the former, the panel further found that the judge caused the copy to be delivered to the district attorney's office.

From these facts the panel concluded that Judge Costello used the influence of his name and prestige of his judicial office to advance his cousin's welfare and that his doing so was willful, but the panel concluded that his conduct did not constitute a violation of SCR

60.11 because it was not intended to aid or advance the welfare of any private business.

We adopt the panel's findings of fact, as they are not against the great weight and clear preponderance of the evidence. We also adopt the panel's conclusion of law that Judge Costello's use of his judicial position to assist his cousin in obtaining restitution in the context of a criminal proceeding did not violate SCR 60.11 for the reason that the proscription in that rule is directed to the advancement of business, not personal, interests.

The only contested fact before us is whether Judge Costello caused the copy of the notice of entry of judgment to be delivered to the district attorney's office. Judge Costello testified that he had no recollection of having done so but that, at most, he would have sent it to the Victim Assistance Program to aid that office in pursuing restitution on his cousin's behalf. The panel's finding that Judge Costello caused the document to be delivered to the district attorney's office is supported not only by the fact that the Victim Assistance Program was a part of the district attorney's office, but also by the inference that the notes on the copy were a direction to the prosecuting attorney, the one in a position to act concerning acceptance of a plea agreement or recommendation of sentence, and by the fact that the document was found in the district attorney's file.

In reaching the conclusion that the prohibition of SCR 60.11 did not extend to advancing the welfare of an individual, the panel referred to what it considered the intent of the drafters of that code provision, but its understanding of that intent was based on mistakes of fact concerning the history of that rule and its relationship to similar provisions in the American Bar

Association judicial ethics code. However, it is unnecessary to address those errors because the panel expressly based its conclusion not on what it understood to be the intent of the rule, but on what it deemed the commonly accepted meaning of the word "business." That meaning, the panel determined, was "in the sense of a commercial or mercantile enterprise."

The Judicial Commission contended that the common meaning and usage of the word "business" include "concern," "right or power of interference" and "matter or affair." Used in these senses, the Judicial Commission argued, the word "business" would include Judge Costello's cousin's interest in obtaining restitution and, consequently, the prohibition of SCR 60.11 would apply to Judge Costello's using his judicial office to assist him.

Admittedly, a lengthy dictionary definition of the word "business" includes those meanings listed by the Judicial Commission, but it does not follow that each one of them or of other definitional phrases or synonyms constitutes the commonly accepted meaning of the word in the context of SCR 60.11. The panel correctly concluded that the use of the word "business" in that rule is in a commercial sense.

The Judicial Commission also argued from a public policy standpoint that the word "business" should be construed to include individual interests so that clearly improper judicial behavior would be subject to sanction by the court. It asserted that adoption of the panel's narrow interpretation of the code provision would defeat the purpose of the prohibition against a judge's use of judicial office for private purposes, commercial or otherwise.

By his conduct in this matter, Judge Costello used his official position for purposes unrelated to judicial office. He himself testified that it would have been "improper" for him to send the information to the prosecuting attorney. In its report, the panel expressed disapproval of that conduct:

> "... [W]e believe a judge should not use his or her influence to advance the welfare of any private interest or business. Use of a judge's prestige and position to obtain an advantage for a friend, relative, or other favored person only detracts from and brings disrespect for the judge and the judiciary."

While we agree, the issue before us is not the propriety of Judge Costello's conduct but whether that conduct subjects him to disciplinary sanction.

By constitutional provision, a judge is subject to discipline by this court "pursuant to procedures established by the legislature by law." Art. VII, Sec. 11, Wis. Const. "Judicial misconduct" is defined by statute to include, among other things not relevant here, a "wilful violation of a rule of the code of judicial ethics." Sec. 757.81(4), Stats. In order to support the imposition of discipline, then, Judge Costello's conduct must have violated one of the rules of the Code of Judicial Ethics. The only provision of that code arguably applicable to his conduct is SCR 60.11. Having determined that the prohibition of that rule does not encompass the type of conduct Judge Costello engaged in for the reason that it did not involve a "business" interest, we have no basis on which to discipline Judge Costello.

It has been noted in this proceeding that the committee we charged to study and recommend a comprehensive revision of the Code of Judicial Ethics has proposed a rule which would prohibit the use of judicial office to advance "private interests of others." That committee report is now under consideration by the court, and we expect that the revised Code of Judicial Ethics will explicitly address the kind of conduct considered here.

IT IS ORDERED that the complaint is dismissed.